IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SHIHAB M. DIAIS AND KHALWA A. DIAIS, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Cause No.\_7:20-CV-8\_\_ |
| LIBERTY MUTUAL INSURANCE, COMPANY AND GEORGE CLIFTON CLINTON, JR., | § § § § § | |
| *Defendants*. | § | |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Now comes Defendant, LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal to the United States District Court for the Western District of Texas, Midland/Odessa Division and respectfully shows the court the following:

**PROCEDURAL BACKGROUND**

1. **Grounds for Removal.** This removal is pursuant to 28 U.S.C. Sections 1441, 1446, and 1332. This Court has jurisdiction based on 28 U.S.C. §1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." Plaintiff is seeking monetary relief in excess of $200,000.00. *See* Plaintiff's Original Petition. As such, the amount in controversy is greater than $75,000. See 28 U.S.C. § 1446(c)(2). Furthermore, Plaintiff is a resident of Ector County, Texas, and thus, a citizen of the state of Texas. *See* Plaintiff's Original Petition at Paragraph 2. Defendant Liberty Mutual is a Massachusetts entity with its principal place of business in Massachusetts. *See* Plaintiff's Original Petition at Paragraph 3. Defendant George Clifton, Jr. is a Texas citizen. *See* Plaintiff's Original Petition at Paragraph 4, citizenship is unknown. Because Plaintiff is a citizen of Texas, and Defendant Liberty Mutual is a citizen of Massachusetts, there is complete diversity among the parties.

1

Furthermore, George Clifton, Jr. is an improperly joined defendant as Liberty Mutual has elected to assume his liability and his citizenship is not considered for removal purposes. Liberty Mutual has elected to assume liability for Defendant George Clifton, Jr. under Texas Insurance Code Section 542A.006. See Ex. "A." If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F.Supp.3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal"). A removing party's right to remove is "to be determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (emphasis added). When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff "unable (not merely unlikely) to succeed on their claims" against a non-diverse agent. See TEX. INS. CODE §§ 542A.006(b), (c), (f); *Flores v. Allstate Vehicle & Prop. Ins. Co.,* No. SA.-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D.Tex. Oct. 31, 2018). The election of assumption of liability requires Defendant Clifton's dismissal from the case and makes him an improperly joined party, which causes the case to be properly removable.

2. **State Proceeding.** Plaintiffs Original Petition was filed on September 26, 2019 in the 358th District Court of Ector County, Texas in Cause No. D-19-09-1268-CV.

3. **Service Date for Defendant Liberty Mutual.** On October 4, 2019, Defendant Liberty Mutual was served. Defendant Liberty Mutual assumed liability for Defendant Clifton on December 13, 2019. *See* Exhibit "A" attached hereto and incorporated by reference. Where a diverse insurer elects to accept liability for a non-

diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes. *Bexar Diversified MF-1, LLC v. General Star Indemnity Company*, 2019 WL 6131455 at *4, (W.D. Tex. Nov. 18, 2019).

4. **Service Dates of Other Defendants.** Defendant Clifton was not properly joined as a result of Liberty Mutual's assumption of liability, and his dismissal with prejudice is mandated by Chapter 542A.006 of the Texas Insurance Code and therefore his consent is not required for this removal. Defendant Clifton was also served on October 4, 2019.

5. **Timeliness.** Having filed the notice within thirty (30) days of receipt by Defendant Liberty Mutual of amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, this removal is timely. See 28 U.S.C. § 1446(b)(3).

6. **Venue.** Venue upon removal is proper in the United States District Court for the Western District of Texas, Midland/Odessa Division, which is the district and division embracing the place where such action is pending. See 28 U.S.C. § 124(d)(3).

7. **Jury Demand.** In the state court, Plaintiffs demanded a trial by jury.

8. **State Court Documents.** A copy of all documents filed to date in the state court action are being attached to this removal, as required by 28 U.S.C. § 1446(a).

9. **Notice.** Defendant Liberty Mutual will promptly file a copy of this Notice of Removal and its corresponding attachments with the clerk of the state court where the suit has been pending. See 28 U.S.C. § 1446(d).

10. Accordingly, Defendant Liberty Mutual prays that this Court accept its Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 1441*, et. Seq.*, and for such further relief, legal or equitable, general or special, to which Defendant may be justly entitled.

Respectfully submitted,

**Ray, Peña, McChristian, PC**
5880 Cromo Drive
El Paso, Texas 79912
(915) 832-7220 Phone
(915) 832-7333 Facsimile

Date: January 10, 2020      By:      */s/ Daniel H. Hernandez*
**DANIEL H. HERNANDEZ**
State Bar No. 09515685
dhernandez@raylaw.com
**ALDO R. LOPEZ**
State Bar No. 24060185
alopez@raylaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on January 10, 2020, I served the foregoing on the following counsel of record:

**CHAD T. WILSON/PATRICK C. McGINNIS**
Chad T. Wilson Law Firm, PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
Phone: (832) 415-1432
pmcginnis@cwilsonlaw.com
cwilson@cwilsonlaw.com
eservice@cwilsonlaw.com
*Attorney for Plaintiffs*

                                              */s/ Daniel H. Hernandez*
                                              Daniel H. Hernandez